**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **RICKY GIDDENS,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **No. 7:18-cv-00136-HL-TQL** |
| **v.** | : | |
| | : | |
| **DEPARTMENT OF JUSTICE,** *et al.*, | : | |
| | : | |
| **Respondents.** | : | |

_____

<u>**ORDER**</u>

Petitioner Ricky Giddens filed an application for federal habeas corpus relief pursuant to 28 U.S.C. § 2241 challenging his May 31, 2011, sentence and conviction. Pet., ECF No. 1; *see also Giddens v. U.S.*, 7:10-cr-00028-HL-TQL (M.D. Ga. 2011). The Petition is now before this Court for preliminary examination as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons discussed below, this action is **DISMISSED WITHOUT PREJUDICE.**

I.     <u>**Background**</u>

On January 7, 2011, Petitioner entered a plea of guilty to counts one and two of an indictment charging him with possession with intent to distribute marijuana and cocaine base. Plea Sheet 1, *Giddens,* 7:10-cr-00028-HL-TQL, ECF No. 100. On June 6, 2011, the Court entered judgment sentencing Petitioner to 60 months imprisonment followed by three years of supervised released. Judgment, *Giddens*, 7:10-cr-00028, ECF No. 111. Thereafter, Petitioner filed a notice of appeal, which was dismissed pursuant to an appeal

waiver contained in Petitioner's plea agreement. Mandate of USCA, *Giddens*, 7:10-cr-00028, ECF No. 124.

On November 30, 2011, Petitioner filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) based on the Fair Sentencing Act of 2010 ("FSA") which reduced the mandatory minimum sentence for certain federal defendants convicted of controlled substance offenses involving crack cocaine. Motion to Reduce Sentence, *Giddens*, 7:10-cr-00028, ECF No. 125. The Court denied Petitioner's motion on February 7, 2012, and he filed a notice of appeal on February 23, 2012. On March 19, 2012, the Eleventh Circuit granted Petitioner's motion for voluntary dismissal and dismissed his appeal. Mandate of USCA, *Giddens*, 7:10-cr- 00028, ECF No. 132. Prior to that dismissal, Petitioner filed his first Motion to Vacate under 28 U.S.C. § 2255. Motion to Vacate, *Giddens*, 7:10-cr-00028, ECF No. 130. Petitioner argued that because he was sentenced after the effective date of the FSA—for acts committed prior to the effective date—he was entitled to the benefit of the FSA. Petitioner, however, recognized throughout his Petition that his claim was foreclosed by Eleventh Circuit precedent. Motion to Vacate, *Giddens*, 7:10-cr-00028, ECF No. 130 at 4-6.

While the motion was pending, the Supreme Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimum to apply to the post-Act sentencing of pre-Act offenders." *Dorsey v. U.S.*, 567 U.S. 260, 280 (2012). The FSA became effective on August 3, 2010, the events underlying Petitioner's guilty conviction occurred in October 2009, and this Court entered Judgment on June 6, 2011. The Government,

2

therefore, acknowledged that "had Giddens been sentenced after the Supreme Court issued its decision in *Dorsey*, he would have received the benefit of the new statutory mandatory minimums put in place by the Fair Sentencing Act."   Report and Recommendation 2, *Giddens*, 7:10-cr-00028, ECF No. 142.   Petitioner's claims, however, were dismissed as procedurally barred.   Order Dismissing Motion to Vacate, *Giddens*, 7:10-cr-00028, ECF No. 145.   The Eleventh Circuit granted Petitioner's certificate of appealability on the issue of whether this Court erred by dismissing Petitioner's motion without addressing his claim of ineffective assistance of counsel and affirmed this Court's judgment on September 18, 2014.   *Giddens v. U.S.*, 579 F. App'x 959 (11h Cir. 2014).   The Eleventh Circuit determined that "at the time of Giddens's sentencing and direct appeal, he was not entitled to be sentenced under the lower mandatory minimums in the Fair Sentencing Act, in light of 'then-controlling precedent.'"   *Id*. at 960 (citing *U.S. v. Gomes*, 621 F.3d 1343 (11th Cir. 2014)).   As a result, counsel's failure "to anticipate the change in decisional law in [*Dorsey*] does not support Giddens's claim of ineffective assistance."   *Id*.

While Petitioner appealed the denial of his first motion to vacate brought under § 2255, he filed a second motion on February 19, 2013.   Second Motion to Vacate Under § 2255, *Giddens*, 7:10-cr-00028, ECF No. 157.   Petitioner again argued that he was entitled to receive the benefits of the FSA in light of the Supreme Court's decision in *Dorsey*.   The Court dismissed his motion as impermissibly second or successive.   Order, *Giddens*, 7:10-cr-00028, ECF No. 167.   Petitioner then filed a mandamus action in the Eleventh Circuit Court of Appeals related to the denial "of his § 3582(c)(2) and § 2255," which was

3

denied on August 6, 2018.  *In re Ricky Giddens*, No. 18-12308 (11th Cir. August, 6, 2018).  Seventeen days later, on August 24, 2018, Petitioner filed the instant petition for writ of habeas corpus, which he has styled as being brought under § 2241.

## II.   **Discussion**

In the instant action, Petitioner again argues that he is entitled to application of the Fair Sentencing Act of 2010, and that he should be able to proceed under the "savings clause" because § 2255 is an inadequate or ineffective remedy.   Pet. 4, ECF No. 1.   It is plain that Petitioner challenges the validity of his sentence and thus his claim is properly brought under § 2255.   *See Howard v. Warden*, 580 F. App'x 728, 731 (11th Cir. 2014) (per curiam) ("In her § 2241 petition, Howard sought to attack the validity of her sentence, and not its execution; therefore, § 2255 was the appropriate statue for her claims."); *United States v. Harvey*, 699 F. App'x 899, 900 (11th Cir. 2017) (per curiam) ("[Petitioners] sought ultimately to test the legality of their sentences, so their avenue of relief was section 2255.").   Because Petitioner has filed a previous motion to vacate under § 2255 challenging the same sentence and in-fact raising the same claim for relief, his motion is properly considered a second or successive motion for purposes of 28 U.S.C. § 2255(h).

Despite the successive nature of this motion, or perhaps in light of it, Petitioner argues that he is entitled to proceed under the "savings clause."   The Court liberally construes the Petition to argue that Petitioner may proceed under § 2255(e), which "permits a federal prisoner to challenge the legality of his detention in a § 2241 petition," when a remedy otherwise available under § 2255 is "inadequate or ineffective to test the legality

4

of his detention." *Jones v. Warden, FCC Coleman-Medium*, 520 F. App'x 942, 945 (11th Cir. 2013) (per curiam) (citing 28 U.S.C. § 2255(e)).   Section 2255(e) provides that "a § 2241 petition 'shall not be entertained' if the prisoner has failed to seek or has already been denied relief by § 2255 motion."   *Gilbert v. U.S.*, 640 F.3d 1293, 1305 (11th Cir. 2011) (en banc).   As discussed above, Petitioner previously argued that he is entitled to application of the FSA in both his first and second motions to vacate.   In both motions, Petitioner relied on *Dorsey*.   The Court, however, denied Petitioner's FSA claims in his first motion to vacate as procedurally defaulted.   A procedural bar to relief in a § 2255 motion, such as procedural default, does not render § 2255 an inadequate or ineffective remedy within the meaning of the savings clause.   *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1092 (11th Cir. 2017) (en banc); *White v. Taylor*, 636 F. App'x 521, 524 (11th Cir. 2016) (per curiam) ("The fact the petitioner faced a procedural bar in her first § 2255 motion does not render § 2255 inadequate." (citing *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1272 (11th Cir. 2013))).   Petitioner then attempted to raise his FSA claims in a second motion to vacate brought under § 2255, which the Court dismissed as successive.   The instant Petition is also successive. Petitioner's inability to re-raise his claims due to AEDPA's limitations on successive petitions does not render § 2255 an inadequate or ineffective remedy within the meaning of the savings clause.   *Gilbert,* 640 F.3d at 1305.

Furthermore, even if Petitioner had not raised his claims in his previous § 2255 motions, he still would not be able to proceed under the savings clause.   The Eleventh

5

Circuit has identified three circumstances when a § 2255 motion is inadequate: "(1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate." *Bernard v. FCC Coleman Warden*, 686 F. App'x 730, 730-31 (11th Cir. 2017) (citing *McCarthan*, 851 F.3d at 1092-93). Petitioner's case does not fall into one of these three circumstances. Petitioner essentially asks to be resentenced in light of a change in caselaw. "A change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" *McCarthan,* 851 F.3d at 1080 (citing *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011)). "Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim." *Id.* at 1099; *White v. Warden, FCC Coleman-Low,* 516 F. App'x 917 (11th Cir. 2013) (per curiam) (affirming dismissal of § 2241 petition which, in part, argued he was entitled to a sentence reduction under the Fair Sentencing Act).

Because Petitioner previously raised his claims in a § 2255 motion, and because § 2255 is neither inadequate nor ineffective for challenging his sentence, Petitioner is not entitled to proceed under the savings clause, and this Court lacks jurisdiction to consider his § 2241 motion. *See Padgett v. Warden, USP Atlanta*, 2018 WL 3855013 (11th Cir. August 14, 2018) (per curiam) ("The applicability of the savings clause is a threshold

jurisdictional issue." (citing *Brown v. Warden, FCC Coleman-Low*, 817 F.3d 1278, 1283 (11th Cir. 2016))). Consequently, the instant petition is **DISMISSED WITHOUT PREJUDICE**.

      **SO ORDERED** this 16th day of October, 2018.

                          ***s/ Hugh Lawson***_____
                          HUGH LAWSON, SENIOR JUDGE